[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13077
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-03508-AKK


DAVID M. SNIDER,

Plaintiff-Appellant,

versus

UNITED STATES STEEL - FAIRFIELD
WORKS MEDICAL DEPARTMENT,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 26, 2015)

Before TJOFLAT, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

David Snider appeals the partial dismissal and partial summary judgment against his complaint that his employer, United States Steel, placed him on medical leave based on a perceived mental disability that he was unable to manage his anger, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112(a), and the ADA Amendments Act of 2008, PL 110-325, 122 Stat. 3553 (2008), and that US Steel denied his requests to return to work to retaliate after he filed workplace grievances and a charge of discrimination, in violation of the Disabilities Act, 42 U.S.C. § 12203(a), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). The district court dismissed Snider's complaint about a violation of the Amendments Act on the ground that it did "not establish a cause of action separate from the [Disabilities Act]" and his complaint of retaliation for failure to exhaust available administrative remedies. Later, the district court entered summary judgment against Snider's complaint of discrimination on the ground that he failed to establish a prima facie case and, in the alternative, that he failed to prove that the legitimate, non-discrimination reason proffered for placing him on medical leave was a pretext for discrimination. We affirm.

Snider argues that he established a prima facie case that he was discriminated against based on a perceived mental disability, but we need not address this argument because we can affirm the summary judgment in favor of US

2

Steel on the alternative ground stated by the district court. Before we will reverse a "judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If the "appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground . . . ." *Id.* Because Snider does not challenge the ruling that he failed to prove that the reason proffered for placing him on medical leave was a pretext for discrimination, "it follows that the judgment [in favor of US Steel] is due to be affirmed," *id.*

Snider also has abandoned any challenge that he might have made to the dismissal of his complaint of retaliation. "[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Holland v. Gee*, 677 F.3d 1047, 1066 (11th Cir. 2012) (quoting *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004)). Snider argues that he submitted sufficient evidence of retaliation to survive summary judgment, but the district court dismissed Snider's complaint of retaliation on the ground that he failed to exhaust his administrative remedies. We deem abandoned any argument that Snider could have made against the dismissal of his complaint of retaliation.

3

We **AFFIRM** the summary judgment in favor of US Steel.